PAUL ALAN LEVY
 (pro hac vice to be sought)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, D.C. 20009
Telephone: (202) 588-7725
Facsimile: (202) 588-7795
plevy@citizen.org

PHILLIP R. MALONE (CA Bar No. 163969)
JUELSGAARD INTELLECTUAL PROPERTY
  AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
Facsimile: (650) 725-0253
pmalone@stanford.edu

Attorneys for Kevin Schlossberg, Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (San Jose Division)

| | |
|---|---|
| KEVIN SCHLOSSBERG,<br><br>               Plaintiff,<br><br>          v.<br><br>QUANG-TUAN LUONG,<br><br>               Defendant. | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**NATURE OF THE ACTION**

1. This is an action for declaratory relief.

2. Defendant Quang-Tuan Luong is a photographer and author. In 2004, he took a photograph of a redwood tree burl in Big Basin Redwoods State Park. The photograph is available on defendant's own website, terragalleria.com (Terra Galleria), where viewers can license, download, or order fine art print versions of the image.

3.  Plaintiff Kevin Schlossberg is a businessman who operates a knife shop. He also runs a web site, bladeforums.com (Blade Forums), that consists of a discussion forum for knife makers, users, and enthusiasts. The forum contains millions of separate discussion threads containing posts from hundreds of thousands of members, with new threads and posts added every day.

4.  In 2007, members of the forum began a thread about the use of wood from tree burls in knife handles. In the course of that discussion, one forum member posted a hyperlink to the Terra Galleria web site where defendant had displayed his redwood tree burl photograph; the link allowed viewers of the forum to see the photograph within the forum by "pulling" the image directly from the server where defendant had allowed it to be displayed to the viewers' personal devices. No copy of the photograph was ever posted or maintained on the server for Blade Forums. This practice is commonly known as "deep-linking."

5.  Counsel for defendant sent plaintiff a demand letter dated March 22, 2019 accusing plaintiff of copyright infringement, threatening to sue plaintiff for such infringement, and demanding that plaintiff pay $2,500 to avoid having such a lawsuit filed.

6.  After the demand letter alerted plaintiff to the posting in his discussion forums, he promptly took steps to remove the deep-link to the image from the web site. Through counsel, plaintiff has explained to defendant that, under governing law in this Circuit, plaintiff cannot be held liable for copyright infringement both because deep-linking to a web site where a copyrighted image has been displayed with the copyright holder's permission does not constitute infringement, and because, as a host for the discussion forum, plaintiff neither engaged in volitional conduct to cause the image to appear, nor encouraged the posting of copyrighted material, nor derived financial benefit from the appearance of the image.

7.  Despite this, defendant has persisted in his claim that plaintiff has infringed defendant's copyright and in his demands for payment.

8.  Accordingly, plaintiff now asks the Court for a judgment declaring that he is not liable for copyright infringement.

Complaint - Case No.

**PARTIES**

9.  Plaintiff Kevin Schlossberg lives in Louisville, Kentucky, and operates the web site bladeforums.com.

10.  Defendant Quang-Tuan Luong lives in San Jose, California, and operates the web site terragalleria.com to display his photographic works online.

**JURISDICTION AND VENUE**

11.  A definite, substantial and concrete controversy exists within this Court's jurisdiction between the parties concerning plaintiff's and defendant's rights under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). Defendant, through counsel, has expressed an intention to commence litigation against plaintiff over plaintiff's alleged infringement of the copyright in one of defendant's photographs.

12.  This is an action for declaratory judgment arising under the Copyright Act and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

13.  This Court has personal jurisdiction over the defendant because he is located and does business in this state and District.

14.  Venue is proper in this Court under 28 U.S.C. § 1391 because defendant is a resident of this district under 28 U.S.C. § 1391(c)(1).

**FACTUAL BACKGROUND**

15.  Plaintiff Kevin Schlossberg runs a shop selling knives in Louisville, Kentucky. In addition, he has been running online discussion forum web sites since 1994. Since 1998, he has been running Blade Forums, a web site devoted to discussions among knife users, makers, and enthusiasts.

16.  The discussion forum is organized into many separate threads, each of which contains multiple posts by members of the web site. At the close of April 2019, there were nearly one and a half million separate discussion threads on the forum, comprised of over eighteen million individual posts, from nearly three hundred fifty thousand members. One section of the website is devoted to questions and answers from knife makers.

Complaint - Case No.

17. In 2007, one of the forum members started a new thread asking about what a burl was (as they are sometimes used to make knife handles) and where on a tree to find one. In the ensuing discussion, another member embedded a hyperlink to a photograph ("redwood burl photograph") hosted on the Terra Galleria web site to provide an example of what a burl looked like growing on a redwood tree. The embedded hyperlink, posted in late December 2007, allowed viewers of the discussion to see the redwood burl photograph on their own personal devices, though the photograph was not hosted on the Blade Forums web site itself.

18. Plaintiff did not post this link, and he was unaware of both the link and the existence of this particular discussion until defendant's counsel wrote to him in 2019 about the photograph.

19. Plaintiff did not encourage the placement of the hyperlink to the redwood burl photograph in the discussion thread, and has derived no financial benefit from the posting. Currently, the Terms of Service of the web site require its users to "not use [the web site] to submit or link to any Content which…risks copyright infringement…or otherwise violates any laws." Terms of Service and Rules, Blade Forums, https://www.bladeforums.com/help/terms (last visited Apr. 30, 2019). In 2007, when the discussion at issue began, the Terms of Service similarly forbade the posting of any copyrighted material. BladeForums.com Subscriber & User Agreement, Blade Forums, https://web.archive.org/web/20071017063655/http:/www.bladeforums.com/copyright2.shtml (archived Oct. 17, 2007).

20. On information and belief, the redwood burl photograph was taken by Quang-Tuan Luong in 2004.

21. On information and belief, Luong authorized the placement of the redwood burl photograph on the Terra Galleria web site.

22. Simple technical measures enable the owner of a web site to prevent Internet users from seeing content posted on that web site via a deep-link on other web sites. However, Luong did not employ such measures to prevent the deep-linking of his photograph.

**DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY**

23. Attorney Mathew Higbee sent a letter dated March 22, 2019 to plaintiff, claiming plaintiff was infringing defendant's copyright because the redwood burl photograph had been

Complaint - Case No.

"identified on Blade Forums website(s) [sic]," and demanding payment of $2,500. The letter did not specify any license fee that defendant typically charges for the redwood burl photograph or his other works. The letter invited plaintiff to contact Mr. Higbee's firm to negotiate an alternative settlement, but warned that unless plaintiff "cooperat[ed]" by either paying the demanded amount or putting forward a counteroffer, "our only option is to litigate the matter, which we frequenlty [sic] do, so please do not make the mistake of ignoring this." The letter further warned that in the event of litigation, defendant "will ask for the maximum justifiable damages," that "the demand amount will likely quadruple or more," and that plaintiff "will likely also have to pay attorneys [sic] fees." The letter is attached as Exhibit A.

24.  Plaintiff received the March 22 letter in early April, 2019. Plaintiff immediately stopped the image from being displayed as part of the discussion, replaced it with a textual URL which, when followed, took the browser to the image on the Terra Galleria web site itself, and notified the Higbee firm that he had done so.

25.  However, in the ensuing weeks, plaintiff received several phone calls and emails from a paralegal in the Higbee law firm, demanding payment and threatening to refer the matter to her firm's litigation team. On April 9, another attorney from the Higbee law firm joined the exchange, emphasizing that "compensation will be made, either through settlement or litigation," and implying that Higbee commonly escalated these complaints to litigation: "If you feel the need to contact any legal authority, please be sure to let them know that we contacted you about your violation of the law and my client's property rights; rest assured, we will as well as we have done so before with other, previous complaints." On April 24, the paralegal again emailed with a "last attempt to contact" plaintiff, warning that she "will be turning this claim over to [the] litigation team" and that their client would seek statutory damages. These emails are attached as Exhibit B.

26.  On May 6, 2019, plaintiff through counsel responded with an emailed letter to defendant's counsel. The response cited Ninth Circuit authority holding that hyperlinking to a photograph, such that the image can be viewed but still only resides on the host servers on which it was originally placed, does not infringe copyright. The response also cited further Ninth Circuit authority holding that the host for a web site, on which third parties place infringing content, is not

Complaint - Case No.

1  liable for infringement unless the host's own volitional acts are responsible for the alleged

2  infringement, or unless the host encouraged or derived financial profit from the alleged

3  infringement. Plaintiff's counsel insisted that defendant's threat of copyright litigation be withdrawn

4  to avoid declaratory judgment litigation, and requested that defendant's counsel respond promptly.

5  The response is attached as Exhibit C.

6       27.  Defendant has not withdrawn his threat to sue for copyright infringement.

7       28.  Plaintiff believes that the deep-link that a Blade Forums member posted to the

8  discussion does not violate defendant's copyright, and in any case would not constitute infringement

9  for which plaintiff would be responsible, and plaintiff desires to restore the posting. However,

10  plaintiff cannot do so in light of defendant's threats of litigation seeking damages.

11  **CAUSE OF ACTION**

12       29.  A justiciable and actual controversy exists by way of defendant's credible threat of

13  immediate litigation seeking damages from the plaintiff.

14       30.  Plaintiff is entitled to declaratory judgment that he is not infringing, has not infringed,

15  and is not liable for infringing any valid copyright owned by defendant based on the posting of a

16  hyperlink to the redwood burl photograph by a member of plaintiff's discussion forum.

17  **PRAYER FOR RELIEF**

18       WHEREFORE, plaintiff prays for relief against defendant as follows:

19       A.  Declare that the posting (or restoration thereof) to plaintiff's discussion forum of a

20  hyperlink to a location on defendant's Terra Galleria web site where defendant's photograph was

21  displayed with defendant's permission, which hyperlink enabled users of the discussion forum to

22  view the photograph, was not copyright infringement;

23       B.  Declare that the forum member's posting (or restoration thereof) was not infringement for

24  which plaintiff is legally liable in the absence of plaintiff's volitional acts or direct financial benefit

25  from the alleged infringement;

26       C. Award plaintiff's costs and attorney's fees against defendants as allowed by law; and

27       D. Grant such other or further relief as allowed by law and the Court deems appropriate.

28

Complaint - Case No.

DATED:  May 8, 2019

PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, D.C. 20009

By: /s/ Paul Alan Levy
     (pro hac vice to be sought)
     Telephone: (202) 588-7725
     Facsimile: (202) 588-7795
     plevy@citizen.org


JUELSGAARD INTELLECTUAL
PROPERTY AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610

By: /s/ Phillip R. Malone
     Telephone: (650) 724-1900
     Facsimile: (650) 725-0253
     pmalone@stanford.edu
     CA Bar No. 163969

Complaint - Case No.

Exhibit A

# Higbee & Associates
A NATIONAL LAW FIRM

March 22, 2019,
Re: Claim Number: 531094   FRE 408 Settlement Communication

Dear Kevin Schlossberg,

Copyrighted work(s) owned by our client, Quang-Tuan Luong, were identified on Blade Forums website(s) (see attached screenshots). Unfortunately, we are unable to find any record of a license for such use. If you have a license, thank you for purchasing it. Please provide us the details at claims@higbeeassociates.com with the claim number (531094) included. Once we receive the license, we will close the claim and apologize for the brief intrusion.

Also, if you are a non-commercial entity (meaning you do not derive income from the website) or if you do not do business in the US, please simply let us know as you are probably receiving this letter in error.

Mr. Luong is an award-winning and best-selling photographer and author. His work has been used by dozens of the world's largest media companies and was even used as a US Postage Stamp. His living depends on people properly licensing his work. The unauthorized use of our client's work deprives them of income and causes them to incur substantial costs in detection and enforcement.

If Blade Forums does not have a license, we believe the use of the work is a violation of The Copyright Act, Title 17 of the United States Code. My client has no desire to put you through any of the following, but I have an obligation to caution you about the seriousness of the matter. If forced to go to court to resolve the matter, my client will ask for the maximum justifiable damages. My client may also ask the court to order Blade Forums to pay their attorneys fees and court costs. Copyright lawsuits can result in judgments, wage garnishments and liens on property. In some instances, the business owner can be held individually liable. Please see the enclosed relevant section of the law and sources of additional information.

Quang-Tuan Luong would prefer to resolve this matter outside of court and is willing to offer a complete release of all liability associated with this image for $2500. This offer is made based on rather limited information available to Quang-Tuan Luong.

If you think this amount is disproportionate to the facts, please provide us with details about how long you used the work, the size of your business, any other ways the work was used, and any other details you deem relevant. Also provide a counteroffer for us to provide to Quang-Tuan Luong. We can be reached by email at claims@higbeeassociates.com or by phone at 800-716-1245. You may also wish to have an attorney contact us.

The overwhelming majority of these types of claims get resolved in a fair and efficient manner. However, without your cooperation, our only option is to litigate the matter, which we frequenlty do, so please do not make the mistake of ignoring this. If this matter is litigated, the demand amount will likely quadruple or more, and then you will likely also have to pay attorneys fees. If you have general business liability insurance, you may wish to contact your provider.

**If we do not hear from you within 10 days, we will assume that you do not have a license and that you do not want to resolve this matter outside of court.**

If you wish to simply resolve this claim without contacting us, you can view details of the claim and make a payment at the URL provided.

To resolve this matter efficiently and amicably out of court, please follow these steps:

(1) Within five business days after receipt of this letter, remove all occurrences of the image from your website(s), cease using it in any way, and confirm in writing that you have done so.

**AND**

(2) Within seven business days after receipt of this letter, return to our firm the attached Release License, along with your payment in the form of a valid cashier's check or money order for **$2500** payable to **Higbee & Associates Client Trust Account**. This can be returned to us via US Mail. You can also pay over the phone or online at http://copyright.higbeeassociates.com/resolution.  Your login is 531094.  Your password is cmnbosox. If you choose to make your payment online, you can return the Release License via email to claims@higbeeassociates.com. Please include the case number (531094) in the subject line.

Please feel free to call or email us to discuss this matter, 800-716-1245 or send an email to claims@higbeeassociates.com

Sincerely,

Mathew K. Higbee
Attorney at Law

**EXHIBIT A**



### Infringing webpages:

- https://www.bladeforums.com/threads/burl.519335/

### Infringing file locations:

- https://www.terragalleria.com/images/us-ca/usca30533.jpeg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (531094) in the subject line.



Higbee & Associates

A NATIONAL LAW FIRM

**Mathew Higbee:** CA # 241380, MI # P73980, MN # 0388759, NV # 11158, OR # 106514, UT # 11133, WA # 42755, TX # 24076924, IL # 6319929, OH #0094107
**Ray Ngo:** UT # 11936, NY # 4780706
**Melissa Higbee:** CA # 247998, AZ # 024644, UT # 11271, FL # 62465, PA # 322114, NJ # 030812012, TN # 034677
**Virginia Kostmayer:** CO # 45648
**Naomi Sarega:** CA # 306967, IN # 34182-49

## LETTER OF REPRESENTATION
## POWER OF ATTORNEY

RE:    Quang-Tuan Luong

To Whom It May Concern:

Please be advised that the Law Firm of Higbee & Associates has been retained by Quang-Tuan Luong regarding a copyright infringement matter. As such, we have been appointed as attorney in fact with full power and authority in determining the validity of the above matter and assist in any negotiation, settlement, and payment. We are further authorized to pursue any legal remedies available to our client as a result of this matter. Any attorney, staff member or agent of Higbee & Associates is hereby authorized to discuss any effort to settle and resolve the above matter.

Effective immediately, all communication (mail, phone, electronic or otherwise) regarding the above matter must be forwarded to Higbee & Associates at:

Higbee & Associates
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705
(714) 617-8385 Telephone

Sincerely,

| Mathew Higbee | Ray Ngo | Melissa Clark | Virginia Kostmayer | Naomi Sarega |

**The undersigned have retained Higbee & Associates and grant full power and authority as described above.**

Date: 02-09-2018

Client: ___ Quang-Tuan Luong _____    Signature: _____

**Corporate HQ** 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
**Phone** (714) 617-8385  **Fax** (714) 617-8511  **Web** higbeeassociates.com

BBB RATING  A

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT  ("Agreement") is entered into on March 22, 2019 ("Effective Date") by and between Quang-Tuan Luong("RELEASOR") and Blade Forums ("RELEASEE") (the "Parties" or individually the "Party").

The Parties agree as follows:

1. The Parties acknowledge and agree that this Agreement is made in resolution to the RELEASEE's alleged unlicensed use of image(s) referenced in the Exhibit(s) below ("Images").

2. RELEASOR hereby represents and warrants that it has the exclusive rights in the settlement and resolution of the claims related to the alleged unlicensed use of the copyrighted Images.

3. In consideration of the release and other consideration granted herein, RELEASEE will pay to RELEASOR the sum of $2,500.00 by March 22, 2019. Upon Payment in full, RELEASOR will release RELEASEE form all copyright claims arising out of the use of the Images through the Effective Date.

4. Payment shall be made payable to "Higbee & Associates Client Trust Account" and delivered to 1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705. Payment may also be made online at http://copyright.higbeeassociates.com/resolution

### ADDITIONAL TERMS AND CONDITIONS

5. Except for the agreements, obligations, and covenants arising under this Agreement, the Parties will release the other party from any and all claims arising from the use of the Images.

6. The Parties acknowledge that all terms of this Agreement are supported by legally sufficient consideration so as to make this Agreement binding and valid.

7. The terms of this Agreement are confidential; provided however, that each Party may disclose the terms of this Agreement, as necessary to enforce its terms, in response to valid legal process or as otherwise required by law, and/or to its financial advisors and/or legal advisors.

8. The Parties warrant that they have read and understand the provisions of this Agreement and have full authority to execute and consummate the transactions contemplated by this Agreement.

9. This Agreement may not be modified or amended except by written agreement, signed by all Parties.

10. This Agreement, along with its terms and conditions will be binding upon and inure to the benefit of each of the Parties and to their heirs, executors, administrators, successors in interest and assigns.

11. The Parties acknowledge that if any provision or application of this Agreement is held invalid or unenforceable then any such provision will be deemed severed from this Agreement and the remaining provisions and applications of this Agreement will not be affected, but will remain valid and enforceable.

12. This Agreement will be governed by and construed in accordance with the laws of the State of California, without regard to conflict of law principles, notwithstanding the fact that one or more counterparts hereof may be executed outside of such state, or one or more of the obligations of the Parties hereunder are to be performed outside of such state. Any suit, action or proceeding to determine, construe or enforce any provision of this Agreement, or the rights of any party hereunder, will be brought in the State of California, and the Parties agree that jurisdiction will lie therein.

13. If a suit, action, arbitration or other proceeding of any nature whatsoever is instituted in connection with any controversy arising out of this Agreement, or to interpret or enforce any rights under this Agreement, the prevailing party is entitled to recover reasonable costs and attorney's fees from the other party.

14.  Payments that are received more than 5 calendar days late will be accessed a $40 late fee. Additionally, an interest rate based on a 15% annual will be charged on overdue balances after 30 days.

15. This Agreement constitutes and contains the entire agreement between the Parties with respect to the alleged unlicensed use referred to in this Agreement and there are no other agreements, understandings or representations with respect to this subject matter, which are not expressly set forth herein.

16. This Agreement can be signed in counterparts.


_____                          _____

Kevin Schlossberg                                    Date
On Behalf of
RELEASEE(s)Blade Forums


_____                          March 22, 2019

Mathew K. Higbee, Esq.                               _____
on Behalf of Licensor(s)                             Date
Quang-Tuan Luong

**CREDIT CARD PAYMENT AUTHORIZATION FORM**

The Law Firm of Higbee & Associates offers interest-free payment plans through our automated billing system. Sign and complete this form to authorize the Law Firm of Higbee & Associates to make the agreed upon credit or debit card or ACH payments. RELEASEE agrees to pay the settlement amount of $2,500.00 in 1 automatic payment.

By signing this form you give us permission to bill your credit/debit card or bank account for the amount indicated on the dates above plus any additional fees, penalties, or interest charges which have accrued in accordance with the Release and Settlement Agreement ("Settlement Agreement"). This is permission for all transactions related to the Settlement Agreement, and does not provide authorization for any additional unrelated charges.

Please complete the information below:

PAYMENT METHOD (Please Choose One & Provide Requested Information):

**CREDIT CARD**
Name as it Appears on Card: _____
Credit Card #: _____
Expiration Date: _____ CCV (Security Code): _____
Billing Address: _____

**ACH / DIRECT DEPOSIT**
Name on the Account: _____
Account Type: ☐ Savings ☐ Checking
Account #: _____
Routing #: _____
Bank Name: _____

I hereby authorize The Law Firm of Higbee and Associates to automatically bill my account on the dates indicated in the payment plan above.

PRINT NAME: _____
TITLE: _____
COMPANY: _____

Signature: _____ Date: _____

I authorize the above named business to charge the credit card indicated in this authorization form according to the terms outlined above. This payment authorization is for the goods/services described above, for the amount indicated above only, and is valid for the specified use only. I certify that I am an authorized user of this credit card and that I will not dispute the payment with my credit card company; so long as the transaction corresponds to the terms indicated in this form.

If you are a non-commercial entity (meaning you do not derive income from the website) or if you do not do business in the US, please let us know as you are probably receiving this letter in error.

## DAMAGES UNDER COPYRIGHT LAW - 17 US CODE §504 (In Part)

(a) Except as otherwise provided by this title, an infringer of copyright is liable for either—
(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c).
(b) **Actual Damages and Profits.—**
The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.
(c) **Statutory Damages. — (1)** Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

## COSTS & ATTORNEYS FEES UNDER 17 US CODE §505 (In Part)

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

#

For more information about copyright law consult an attorney or see:

https://www.copyright.gov/title17/

https://www.copyright.gov/title17/92chap5.html

This law is being provided as a courtesy.  Higbee & Associates is not your attorney.

## SOME CLAIMS MAY ALSO INCLUDE ADDITIONAL LIABILITY FOR REMOVING OR ALTERING COPYRIGHT MANAGEMENT INFORMATION

**17 US CODE  SECTION 1202 (IN PART)**

**(b) Removal or Alteration of Copyright Management Information.**—No person shall, without the authority of the copyright owner or the law—

(1) intentionally remove or alter any copyright management information...

**Definition.**—As used in this section, the term "copyright management information" means any of the following information....

**(1)** The title and other information identifying the work, including the information set forth on a notice of copyright. **(2)** The name of, and other identifying information about, the author of a work.  **(3)** The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

**US CODE SECTION 1203 (IN PART)**

(c) Award of Damages.—

(1) In general.—Except as otherwise provided in this title, a person committing a violation of section 1201 or 1202 is liable for either—

(A) the actual damages and any additional profits of the violator, as provided in paragraph (2), or

(B) statutory damages, as provided in paragraph (3).

...

(3) (B) At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages **for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000.**

For more information about copyright law consult an attorney or see:

https://www.copyright.gov/title17/92chap12.html#1202

This law is being provided as a courtesy.  Higbee & Associates is not your attorney.

Exhibit B



# Copyright (Legal) - Blade Forums - Quang-Tuan Luong - Case 531094

Mon, Apr 8, 2019
at 1:20 PM

## Shannon Quarles
<squarles@higbeeassociates.com> To:
spark@bladeforums.com

Dear Kevin Schlossberg,

Thank you for removing the image, we really appreciate that. However our client still needs to be compensated for the Unlicensed use. Our client has rights to statutory damages. Statutory damages means that the statute itself determines what the damages award would be depending on the situation. For UNINTENTIONAL infringement, the statute gives the court the discretion to award anywhere from $750 - $30,000. If the infringement is found to be INTENTIONAL the court may award up to $150,000. Additionally, the court would likely award court costs and attorneys fees, which can really add up. Our client is assuming that it was done unintentionally here which is why we are trying to handle it this way, as opposed to simply filing a lawsuit in court. If you are not familiar with how copyright law works our attorneys have advised that it may be best for you to talk with an attorney that is well versed in copyright law. Our client is willing to negotiate the initial demand offer. Do you have an good-faith offer you would like us to present to our client for consideration?

Thank you,

Shannon Quarles
Claims Resolution Specialist
Copyright Division
Direct Line: 657-229-6219
Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (800) 716-1245 ext-190 -  Fax: (714) 597-6559

## Higbee & Associates
A NATIONAL LAW FIRM

CONFIDENTIALITY NOTICE.
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



Kevin Schlossberg
<spark@bladeforums.com>

**Copyright (Legal) - Blade Forums - Quang-Tuan Luong - Case 531094**

**Kevin Schlossberg** <spark@bladeforums.com>
To: Shannon Quarles <squarles@higbeeassociates.com>

Mon, Apr 8, 2019 at
2:02 PM

Hi Shannon thanks for getting back to me. After further research, we will need the following:

- .
- .
- .

A copy of the final, issued copyright registration for the Image, and not just the application.

A copy of the deposit materials for that registration, in order to confirm the   Image is

encompassed within it.

A chain-of-title history of any transfer or licensing agreements surrounding the   Image,

particularly with respect to who held any exclusive rights throughout 2019. A copy of any DMCA

notice(s) sent on behalf of your client to terragalleria.com & other sites regarding the Image,

between 2007-2019.

A three year history of licensing fees for the Image.

Since the offending image in question was linked in 2007 by a third party user & not site staff, you

should also explain why you feel you have a valid copyright infringement case & how the statute of

limitations has not been exceeded. Have a great day!

[Quoted text hidden]



Kevin Schlossberg
<spark@bladeforums.com>

**Copyright (Legal) - Blade Forums - Quang-Tuan Luong - Case 531094**
**Shannon Quarles** <squarles@higbeeassociates.com> To: Kevin Schlossberg <spark@bladeforums.com>

Mon, Apr 8, 2019 at 3:06 PM

Dear Mr. Schlossberg,

My supervising attorney would like to address the follow:

1. I have attached a screenshot of the registration which can be pulled directly from the copyright registration office. Under VA 1-300-874
2. At this time our clients are not willing to provide deposit copy material due to this image being registered within 5 years of publication. This means it falls under 17 USC § 410 C, which shows the registration to be prima face evidence until and/or if we take this to litigation. In addition you can request a deposit copy from the copyright department if you wish to obtain one.
3. A chain of title is not necessary since you can clearly see through the registration as the author of the image is the same as our client. Our client maintains ownership of the image and is pursuing the claim under that ownership.
4. No DMCA take-down notice was necessary since we have no evidence that "Balde Forums" is properly protected under Safe Harbor.
5. This image is registered timely and prior to the infringement upload of 2007. Therefore our client is seeking statuary damages which means we only need to prove that an unauthorized and unlicensed use occurred, showing infringement, and thus our clients are able to seek anywhere from $750.00 to $30,000.00. At this time our clients do not find it necessary to provide licensing history since we are not seeking actual damages.
6. Statue of limitations starts from the time the image is discovered to be infringed, not the time it was published.

**Copyright**

Help   Search   History   Titles   Start Over

**Public Catalog**

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = VA0001300874
Search Results: Displaying 1 of 1 entries

previous   next   Labeled View

*Quang-Tuan Luong 2004/2web : Group registration/photos--499 photographs.*

Type of Work: Visual Material
Registration Number / Date: VA0001300874 / 2004-12-09
Title: Quang-Tuan Luong 2004/2web : Group registration/photos--499 photographs.
Copyright Claimant: Quang-Tuan Luong, 1964-
Date of Creation: 2004
Date of Publication: 20May-27Nov04
Copyright Note: Cataloged from appl. only.
Other Title: Group registration/photos--499 photographs.
Names: Luong, Quang-Tuan, 1964-

previous   next

Save, Print and Email (Help Page)
Select Download Format  Full Record    Format for Print/Save
Enter your email address:    Email

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

Thank you,

Shannon Quarles
Claims Resolution Specialist
Copyright Division
Direct Line: 657-229-6219
Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com ) 1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (800) 716-1245 ext-190 -  Fax: (714) 597-6559

Higbee & Associates
A NATIONAL LAW FIRM

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Apr 8, 2019, at 11:02 AM, Kevin Schlossberg <spark@bladeforums.com> wrote:
Hi Shannon thanks for getting back to me.
After further research, we will need the following:

A copy of the final, issued copyright registration for the Image, and not just the application.

A copy of the deposit materials for that registration, in order to confirm the   Image is encompassed within it.

A chain-of-title history of any transfer or licensing agreements surrounding the   Image, particularly with respect to

who held any exclusive rights throughout 2019. A copy of any DMCA notice(s) sent on behalf of your client to

terragalleria.com & other sites regarding the Image, between 2007-2019.

A three year history of licensing fees for the Image.

Since the offending image in question was linked in 2007 by a third party user & not site staff, you should also explain why you feel you have a valid copyright infringement case & how the statute of limitations has not been exceeded.
Have a great day!

On Mon, Apr 8, 2019 at 1:20 PM Shannon Quarles <squarles@higbeeassociates.com> wrote:
 Dear Kevin Schlossberg,

Thank you for removing the image, we really appreciate that. However our client still needs to be compensated for the Unlicensed use. Our client has rights to statutory damages. Statutory damages means that the statute itself determines what the damages award would be depending on the situation. For UNINTENTIONAL infringement, the statute gives the court the discretion to award anywhere from $750 - $30,000. If the infringement is found to be INTENTIONAL the court may award up to $150,000. Additionally, the court would likely award court costs and attorneys fees, which can really add up. Our client is assuming that it was done unintentionally here which is why we are trying to handle it this way, as opposed to simply filing a lawsuit in court. If you are not familiar with how copyright law works our attorneys have advised that it may be best for you to talk with an attorney that is well versed in copyright law. Our client is willing to negotiate the initial demand offer. Do you have an good-faith offer you would like us to present to our client for consideration?

Thank you,

Shannon Quarles
Claims Resolution Specialist
Copyright Division
Direct Line: 657-229-6219
Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (800) 716-1245 ext-190 -  Fax: (714) 597-6559

<images.png>
[Quoted text hidden]



**Copyright (Legal) - Blade Forums - Quang-Tuan Luong - Case 531094**

Mon, Apr 8, 2019 at 5:44 PM

**Kevin Schlossberg** <spark@bladeforums.com>
To: Shannon Quarles <squarles@higbeeassociates.com>

Your supervising attorney should already be aware of the Perfect 10 v Google ruling that shows hotlinking images does not constitute copyright infringement, and since the image was not stored on our site at any point, but (as your own letter states) is stored on terragalleria.com, your claims are false:

https://scholar.google.com/scholar_case?q=Perfect+10,+Inc.+v.+Amazon.+com,+Inc.,+508+F.+3d+1146+(9th+Cir.+2007)&hl=en&as_sdt=40006&case=9280547131690965273&scilh=0

Your supervising attorney should also be aware of Fair Use, which is codified under US law.

Congress codified the common law of fair use in 17 U.S.C. § 107, which provides:

Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, **comment**, news reporting, **teaching** (including multiple copies for classroom use), **scholarship**, or research, is not an infringement of copyright.

The post cited clearly shows that the picture was used to provide an example of what a "burl" is for the purpose of educating others.

Last, your opinion regarding DCMA protections is noted & disregarded.

If you proceed in further harassment, we will take action including notification of the CA State Bar, CA Attorney General, FTC and other respective agencies.


[Quoted text hidden]



Kevin Schlossberg
<spark@bladeforums.com>

**Copyright Case 531094 - Blade Forums - Quang-Tuan Luong**

**Theodore Sell** <tsell@higbeeassociates.com>
To: spark@bladeforums.com
Cc: Shannon Quarles <squarles@higbeeassociates.com>

Tue, Apr 9, 2019
at 1:29 PM

Mr. Schlossberg,

I have reviewed your correspondence with my assistant Shannon and need to set some matters straight.

I am aware of *Perfect 10 v. Google,* as well as the more recent and more precedential *VHT, Inc. v. Zillow Grp., Inc.*, No. 17-35587 (9th Cir. Mar. 15, 2019). Unfortunately, the case law does not protect your use. The 9th Circuit Court of Appeals purposefully ruled in *VHT* to clear up some misconceptions about the use of thumbnails as well as hot linking. *Id* at *28 (Thumbnails and linking "improve[s] access to images on the internet and their related web sites" by "index[ing]" the internet and linking to the original source image generated in the search results"), *citing Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 815-16, 818 (9th Cir. 2002). The use of thumbnails and linking is limited to use in legitimate, actual search engines. *Id* at *29. A key distinction is the size of the universe of users having access to a *thumbnail* image and also link to original source material with the other key distinction is that legitimate search engines "crawl" the web. *Id* at *31-32. Here, your use of my client's image only achieve, purportedly, a link to his site but the image was neither a thumbnail nor was the image placed as a result of an internet crawl, but intentionally and purposefully. Your use is then an infringement without excuse as the use did not fulfill the requirements to be a legitimate "hot link".

As for your Fair Use defense, I will only note that your website is not associated with an actual institute of education, such as a school. Therefore, and without any further analysis provided to analyze, the use is not remotely associated to fair use.

It would not be wise for you to disregard your failure to avail yourself to the Safe Harbor provisions of the DMCA. To receive protection under the DMCA safe harbor, a party "must meet a set of threshold criteria." *Viacom Int'l, Inc. v. YouTube, Inc.,* 676 F.3d 19, 27 (2d Cir.2012). Among these criteria are requirements that the party qualify as a "service provider," as defined in the statute; adopt and reasonably implement a " 'repeat infringer' policy"; and "accommodate 'standard technical measures' that are 'used by copyright owners to protect copyrighted works.' " *Id.* (quoting 17 U.S.C. § 512(k)(1)(B), 512(i)(1)(A)-(B), (i)(2)). (S.D.N.Y. 2015). Here, you did not register a DMCA agent with the US Copyright Office until yesterday, April 8, 2019. As such, you cannot escape liability for any infringement occurring prior to that date. *BWP Media USA Inc. v. Hollywood Fan Sites LLC*, 115 F. Supp. 3d 397, 400-1 (S.D.N.Y. 2015) ("A service provider cannot retroactively qualify for the safe harbor for infringements occurring before the proper designation of an agent under the statute").

Rest assured, there is no harassment in this matter. Simply put, you violated federal law by infringing my client's copyright for which compensation will be made, either through settlement or litigation. If you feel the need to contact any legal authority, please be sure to let them know that we contacted you about your violation of the law and my client's property rights; rest assured, we will as well as we have done so before with other, previous complaints.

Respectfully,

Theodore (Ted) W. Sell, Esq.
Colorado Bar No. 44157
Attorney at Law - Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
mailto:tsell@higbeeassociates.com
Phone: (657) 229-6215

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy
this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

**From:** Shannon Quarles <squarles@higbeeassociates.com>
**Date:** April 24, 2019 at 3:19:09 PM EDT
**To:** Kevin Schlossberg <spark@bladeforums.com>
**Subject: Copyright (Legal) - Blade Forums - Claim 531094**

Dear Mr. Kevin Schlossberg,

I'm writing you today to inform you that this will be my last attempt to contact you. If you do not respond with a resolution to resolve this matter we will be turning this claim over to our litigation team. Our clients image is registered with the copyright office, therefore our client is seeking statutory damages.

Our client is assuming that it was done unintentionally here which is why we are trying to handle it this way, as opposed to simply filing a lawsuit in court.

Please reference case number (  531094  ) when you call.

Thank you,

Shannon Quarles
Claims Resolution Specialist
Copyright Division
Direct Line: 657-229-6219
Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (800) 716-1245 ext-190 -  Fax: (714) 597-6559

# Higbee & Associates
#### A NATIONAL LAW FIRM

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

Exhibit C

**PUBLIC CITIZEN LITIGATION GROUP**

1600 20TH STREET, N.W.

WASHINGTON, D.C.  20009-1001

———

(202) 588-1000

**BY EMAIL TO** mhigbee@higbeeassociates.com

May 6, 2019

Matthew Higbee, Esquire

Higbee & Associates

Suite 112

1505 Brookhollow Drive

Santa Ana, California 92705

**Re:** Your Demand Letter to Kevin Schlossberg

Dear Mr. Higbee:

I write in response to your March 22, 2019 demand letter to Kevin Schlossberg.  Writing on behalf of Quang Tuan Luong, you complain about the appearance on Blade Forums (the web site at www.bladeforums.com) of a photograph taken by Luong.  As an attachment to your letter acknowledges, the photo itself was not mounted on Blade Forums; rather, a participant in the discussion forum provided a deep link to that image as it appears at www.terragalleries.com, which, in turn, is your client's own web site.  The forum participant linked to that location within a post he placed on the discussion forum page, illustrating his comments.  You contend that by allowing this link to be included in its web site, Schlossberg infringed the copyright, and you demand that he pay $2500 in damages.

For the reasons explained below, neither Schlossberg nor 12 Bravo LLC, which owns the web site, bears any liability for infringement of any copyrights.  Proceeding in good faith, and without having either spoken with your firm or consulted counsel, Schlossberg promptly removed the link to the photograph—not because he believed he had any liability, but in an effort to avoid any further controversy.  Considering that you have persisted in your infringement claims despite that gesture, his plan is to keep the link down until one of two things happens: either you retract Luong's claim of infringement, or a judge rules that the link was not infringing.  There is, in any event, no basis for injunctive relief, and Schlossberg is not going to pay you any money.  Indeed, unless Luong promptly retracts his demand, Schlossberg reserves the possibility of filing an action for a declaratory judgment of non-infringement.  I hope such a lawsuit will not be necessary.

First, and most important, Luong has no infringement claim because the forum user did not place the photograph on the forum page; he only embedded a link to the location where the photograph is displayed by your client's own web site.  Your client could easily have used technical measures to prevent others from providing deep links that allowed members of the public to view

Matthew Higbee, Esquire
May 6, 2019
page 2

the photograph on your client's own web site, but he chose not to do so. In the Ninth Circuit, where both your firm and Luong are located, the established law is that "framing" a photograph within a web site, without actually making a copy of the photograph and placing such a copy on the site's own servers, is not copyright infringement. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1161 (9th Cir. 2007).

Second, even if the photograph itself had been placed on the forum instead of being linked from that forum, it was neither Schlossberg nor his company that placed it there; it was a user of the forum. The Blade Forums hosts more than eighteen million separate posts, arranged in nearly one-and-a-half million separate threads. In the last month alone, more than eighteen thousand new threads were created, and more than two hundred thousand new posts were placed by the forum's users. Schlossberg cannot and does not keep track of them all, and he had no knowledge that the allegedly infringing work was linked from the forum. He did nothing to encourage copyright infringement on the forum and has no financial interest in the allegedly infringing activity. Blade Forums' terms and conditions expressly forbid users from posting content that even "risks copyright infringement." Consequently, Luong cannot expect to hold the forum host liable either for direct infringement or for either of the two prongs of secondary liability, vicarious infringement or contributory infringement. *VHT, Inc. v. Zillow Group*, 918 F.3d 723, 732, 745-747 (9th Cir. 2019). *VHT v. Zillow* is just the most recent of a line of appellate decisions holding that hosts do not infringe without volitional conduct, *BWP Media USA v. T & S Software Assocs.*, 852 F.3d 436, 440 (5th Cir. 2017), and that the Digital Millennium Copyright Act in 1998, which provided an immunity regime along with the notice and counternotice procedure, does not abrogate requirements under the pre-existing statute for holding hosts liable for copyright infringement. *Id.* at 443-444 (citing cases).

Moreover, contrary to what your associate Theodore Sell told Schlossberg in an email, the Ninth Circuit's decision in *VHT v. Zillow* does not limit to search engines *Perfect 10*'s holding that the "display" right is not infringed by deep-linking. *VHT v. Zillow* involved a provider of real estate information that hosted thumbnail versions of copyrighted photographs on its servers. The decision limited the applicability of *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003), but not of *Perfect 10 v. Amazon.com.*

Your demand letter to Schlossberg threatened to seek an award of attorney fees, and emails from one of your paralegals, Shannon Quarles, have repeatedly threatened to bring in the "litigation team," and have included threats to sue for statutory damages. Given that you do not have sound claims for statutory damages, there is no need to address that issue separately. Schlossberg is not willing to allow your threats of litigation to linger, however. The emails from both Quarles and your associate refer repeatedly to your firm's track record of following through on demand letters by filing law suits. There is plainly a live controversy between your client and ours, and given the substantial volume of the threats of litigation that your firm issues, we have to assume that this is not the last time he may hear from you. And, it would be most appropriate for a judge to resolve the questions whether deep-linking can be provided in the Blade Forums, and whether its host can be held liable

Matthew Higbee, Esquire
May 6, 2019
page 3

for alleged infringements by his users during the three years before he registered his DMCA agent, without the threat of crippling liability.

Finally: in previous cases, in which I have responded to your demand letters to other clients, you have refused to respond because my office is in Washington, D.C., and because I belong only to the D.C. and New York bars. You have suggested that I cannot provide assistance to a client who is located in a jurisdiction other than those, and in opposition to a party who is in a jurisdiction other than those; you suggested that this is unauthorized practice of law. You are mistaken. The standard procedure in such situations is for the lawyer to do the necessary work in preparation for litigation, to identify local counsel before the litigation actually begins, and to seek admission pro hac vice once the litigation has begun. Each time I have written to you, I have completed those first two steps. Moreover, considering that your own firm's web site touts your "national firm . . . that feel[s] local no matter where you are," you must be aware of Rule 5.5(c)(2) of the ABA's Model Rules, which allows a lawyer to provide services that are related to a potential proceeding in a jurisdiction where the lawyer "reasonably expects to be . . . authorized" to appear pro hac vice. Most states take that approach. *E.g.,* California Rules of Court 9.47(c)(2); *Winterrowd v. American General Annuity Insurance Co.,* 321 F.3d 933 (9th Cir. 2009). That, indeed, appears to be your own law firm's practice (considering that your associate Mr. Sell, who is admitted to practice only in Colorado, sent a threatening email from your Nevada office, on behalf of a client in California, to my client, located in Kentucky). I hope, therefore, that you will respond promptly and on the merits to my effort to avoid litigation over your threatened copyright claims.

Accordingly, we have prepared a complaint for a declaratory judgment of noninfringement, on which we are ready to proceed unless you promptly retract your copyright demand. We are giving your client until the close of business on May 8, 2019 to retract his claim. Absent such a retraction, your client should expect to receive service of a lawsuit without further notice.

Sincerely yours,

Paul Alan Levy

cc: Theodore Sell, Esquire